David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

Amelia Courtney Hritz, Esq. (*pro hac vice* forthcoming)
hritz@braunhagey.com
BRAUNHAGEY & BORDEN LLP
200 Madison Ave, 23rd Floor
New York, NY 10016
Tel: (646) 829-9403
Fax: (646) 403-4089

*Attorneys for Defendant Huel Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDEN MCKIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUEL LTD.,<br><br>Defendant. | Case No. 3:26-cv-00653-CRB<br><br>**DEFENDANT HUEL LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ........................................................................................................ 3

I. ALL OF PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR LACK OF STANDING BECAUSE SHE IDENTIFIES NO PRIVACY INJURY ................. 3

II. PLAINTIFF'S WIRETAP ACT AND CIPA § 631 CLAIMS SHOULD BE DISMISSED ........................................................................................................ 5

A. Plaintiff's Wiretap Act and CIPA Claims Must Be Dismissed Because Her Own Opposition Confirms No Actual Communication Was Intercepted .. 6

B. Plaintiff's Wiretap Act and CIPA § 631 Claims Also Fail Because Huel Was a Party to the Alleged Communications, and Cannot Be Liable ................ 7

III. PLAINTIFF'S CIPA § 632 CLAIM MUST BE DISMISSED BECAUSE THE OPPOSITION IDENTIFIES NO CONFIDENTIAL COMMUNICATION ......... 9

IV. PLAINTIFF'S CDAFA CLAIM MUST BE DISMISSED BECAUSE SHE FAILS TO ALLEGE ACCESS, A COMPUTER CONTAMINANT, OR DAMAGE OR LOSS........................................................................................................ 11

V. PLAINTIFF'S CONSTITUTIONAL PRIVACY CLAIM FAILS BECAUSE SHE ALLEGES NEITHER A PROTECTED PRIVACY INTEREST NOR A SERIOUS INVASION ........................................................................................................ 12

CONCLUSION........................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bradshaw v. Lowe's Companies, Inc.*,
No. 25cv0742 DMS (MMP), 2025 WL 3171740 (S.D. Cal. Nov. 12, 2025) ................................ 4

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023)........................................................................... 7, 11

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021)............................................................................... 9

*Byars v. Hot Topic, Inc.*,
656 F. Supp. 3d 1051 (C.D. Cal. 2023)........................................................................... 7, 8

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605......................................................................................................... 10

*Casillas v. Six Flags Ent. Corp*,
812 F. Supp. 3d 1016............................................................................................... 7, 8, 14

*Correia v. Lulu & Georgia, Inc.*,
No. 3:26-CV-01186-GPC-JLB, 2026 WL 2343093 (N.D. Cal. Aug. 12, 2026)....................... 5, 10

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017)................................................................................................ 4

*Folgelstrom v. Lamps Plus*,
195 Cal. App. 4th 986 (2011)............................................................................................ 13

*Gabrielli v. Motorola Mobility LLC*,
No. 24-CV-02521-SVK, 2025 WL 1939957 (N.D. Cal. July 14, 2025).............................. 5, 8, 14

*Gianne v. Accor Mgmt. US Inc.*,
2026 WL 925522 (C.D. Cal. Mar. 31, 2026) ............................................................... 10, 11

*Hazel v. Prudential Fin., Inc.*,
No. 22-CV-07465-CRB, 2023 WL 3933073 (N.D. Cal. June 9, 2023)....................................... 14

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023)........................................................................ 11, 12

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994)........................................................................................................... 13

*In re Apple Data Priv. Litig.*,
824 F. Supp. 3d 888 (N.D. Cal. 2026)........................................................................... 9, 10

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ........ Passim

*In re iPhone Application Litigation*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........ 13

*In re iPhone Application Litigation*,
No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sep. 20, 2011) ........ 11, 12

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024) ........ 6

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........ 13

*In re Zynga Priv. Litig.,*
*750 F.3d 1098 (9th Cir. 2014) ........ 6, 1*

*J.S. v. Spring Fertility Holdings, LLC,*
No. 5:24-CV-07374-EJD, 2026 WL 1483490 (N.D. Cal. May 27, 2026) ........ 5, 10, 13

*Javier v. Assurance IQ, LLC,*
No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) ........ 8

*Marden v. LMND Med. Grp., Inc.*,
2024 WL 4448684 (N.D. Cal. July 3, 2024) ........ 8

*Mitchell v. Sonesta Int'l Hotels Corp.*,
2024 WL 4471772 (C.D. Cal. Oct. 4, 2024) ........ 10

*Ortiz v. Foris Dax, Inc.*,
No. 25-CV-08950-EMC, 2026 WL 1430720 (N.D. Cal. May 21, 2026) ........ 14

*Planned Parenthood v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ........ 2, 8

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) ........ 5, 13

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ........ 1, 3, 4, 5

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) ........ 9

*Ribas v. Clark*,
38 Cal.3d 355 (1985) ........ 2, 7

*Riganian v. Liveramp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) ........ 9

*Rodriguez v. Brushfire Recs.*,
No. CV 25-09797-CAS-PDX, 2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) .............................. 4

*Shah v. MyFitnessPal, Inc.*,
824 F. Supp. 3d 906 (N.D. Cal. 2026)........................................................................... 5, 14

*Smith v. Rack Room Shoes, Inc.*,
No. 24-CV-06709-RFL, 2025 WL 1085169 (N.D. Cal. Apr. 4, 2025)................................. 10, 11

*Smith v. Rack Room Shoes, Inc.*,
No. 24-CV-06709-RFL, 2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) .................................. 9, 10

*Smith v. Rack Room Shoes, Inc.*,
No. 24-CV-06709-RFL, 2026 WL 183852 (N.D. Cal. Jan. 23, 2026)........................................... 9

*Smith v. Google, LLC*,
735 F. Supp. 3d 1188 (N.D. Cal. 2024)............................................................................ 10

*Smith v. Yeti Coolers*,
754 F. Supp. 3d 933 (N.D. Cal. 2024)............................................................................. 13

*Torres v. Prudential Fin., Inc.*,
No. 22-CV-07465 (CRB), 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025)..................................... 7

*Torres v. Seatgeek,* No. 25-CV-07118-LB,
2026 WL 1495202 (N.D. Cal. May 28, 2026) ...................................................................... 5

*Transunion LLC v. Ramirez*,
594 U.S. 413 (2021) ............................................................................................... 3, 4

*United States v. Christensen*,
828 F.3d 763 (9th Cir. 2015)........................................................................................ 11

*Vaccaro v. Altais*,
2023 WL 7003211 (C.D. Cal. Oct. 23, 2023) .................................................................. 10

*Vera v. O'Keefe*,
791 F. Supp. 2d 959 (S.D. Cal. 2011) ........................................................................... 10

*Williams v. Facebook, Inc.*,
384 F. Supp. 3d 1043 (N.D. Cal. 2018)........................................................................... 12

*Wooten v. Biolife Plasma Servs. L.P.*,
807 F. Supp. 3d 1139 (E.D. Cal. 2025) ............................................................................ 4

*Yoon v. Meta Platforms, Inc.*,
2024 WL 5264041 (N.D. Cal. Dec. 30, 2024) ..................................................................... 6

**Statutes**

Cal. Penal Code § 502 .......... 11, 12

Cal. Penal Code § 632 .......... 9, 10, 11

Defendant Huel Ltd. ("Defendant" or "Huel") hereby submits this Reply in support of Defendant's Motion to Dismiss:

**INTRODUCTION**

The Opposition never explains how Huel's collection of non-private information like the Plaintiff's name, email address, or her history of purchasing Huel products, caused Plaintiff any concrete injury or violated any federal or state law, particularly when Plaintiff voluntarily disclosed much of the same information to Facebook, TikTok, and Snap. Plaintiff's Opposition cites entirely to cases involving the nonconsensual collection of actually private information, like medical or tax records, or tracking of individuals' online behavior across multiple websites, which have nothing to do with this case. This case is about the routine collection of information necessary to consummate a retail transaction online. Plaintiff should not be permitted to make a federal case about that.

Plaintiff's failure to allege any concrete injury means she lacks Article III standing to assert any of claims. *In re Facebook, Inc. Internet Tracking Litig*. 956 F.3d 589 (9th Cir. 2020) (cited at Opp. 1), is not to the contrary. As the Ninth Circuit subsequently explained in *Popa v. Microsoft Corp.*, standing to assert a violation of the right to privacy requires pleading and proving that "embarrassing, invasive, or otherwise private information," was collected. 153 F.4th 784, 791 (9th Cir. 2025). While the Ninth Circuit did not overrule *In re Facebook*, it made clear that decision was limited to "the individual circumstances giving rise to [those] plaintiffs' alleged injuries," *id.*, and that otherwise, alleging a mere statutory violation, without any concrete injury, is insufficient to confer Article III standing. *Id.* (citing *TransUnion LLC v. Ramirez*). The Opposition does not contend that the Complaint alleges anything more than a bare violation of a hodgepodge of statutes, and does not identify any actually private information of Plaintiff's that was allegedly collected by Huel. Plaintiff's Complaint must be dismissed for this reason alone.

Plaintiff's claims separately fail for innumerable reasons. As set forth in the Motion, and unrebutted by Plaintiff, *In re Zynga Priv. Litig.,* 750 F.3d 1098 forecloses Plaintiff's Wiretap Act and CIPA claims. (Mot. 9). *Zynga* holds that a Facebook ID and webpage URL are record information, not the "contents" of a communication, and thus cannot form the basis of a claim under either of those statutes. 1108–09 (9th Cir. 2014); (Mot. 9–10 (collecting cases applying

*Zynga* to CIPA § 631 claim)). Plaintiff cites multiple cases involving URLs that disclosed search terms—but Plaintiff does not allege that Huel collected any search term, conversation, or other content, and the cases she cites are wholly inapposite. Her claims fail under *Zynga* and must be dismissed.

Plaintiff's Wiretap Act and CIPA § 631 claims also fail because Huel was a party to the purported communication rather than an outside interceptor (Mot. 7–9). Plaintiff does not dispute, and thus concedes, that her Wiretap Act claim fails because Huel was a party to the communication. However, Plaintiff claims the party exception does not apply to CIPA because CIPA requires consent of all parties. (Opp. 6.) But that consent concerns third parties receiving the information, not the intended recipient receiving communications directed to it. Indeed, her authorities, *In re Facebook* and *Ribas v. Clark* (cited at Opp. 6), involved claims against outside eavesdroppers; not parties to the communications. 956 F.3d at 598-99 (claim against Facebook for tracking users' interactions with other websites); 38 Cal. 3d 355, 360 (1985) (claim against individual eavesdropping on communication between spouses). Nor can Plaintiff avoid that rule through aiding and abetting, which still requires that the third-party trackers independently intercepted and used her communications, rather than merely processing Huel's own website data. (Mot. 8.) Her CIPA § 631 claims therefore fail for this reason as well.

Plaintiff also fails to identify any criminal or tortious purpose to the alleged collection of information, as required to state a claim under the Wiretap Act or CIPA pursuant to *Planned Parenthood v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022). Plaintiff claims Huel collected the information to build a customer profile or engage in targeted advertising (Opp. 7–8), but there is nothing criminal or tortious about that. Plaintiff alternatively claims that the collection violated other privacy laws, but that still does not establish a criminal or tortious purpose to the collection. *Planned Parenthood*, 51 F.4th at 1136. This is a separate and independent basis for dismissing Plaintiff's Wiretap Act and CIPA § 631 claims.

Plaintiff's CIPA § 632 claim fails because she alleges no confidential communication. As established in the Motion and unrebutted by the Opposition, Plaintiff fails to allege the collection of any actually private information. (Mot. 10-12). Unlike Plaintiff's authorities, which involved

sensitive health information or detailed travel information, this case involves routine browsing and purchase information, much of which Plaintiff admits she shared with other websites.

Plaintiff's CDAFA claim fails because Plaintiff does not allege that Huel accessed information stored on her computer, introduced code that operated as a computer contaminant, or caused her any damage or loss, as is required to state a claim under this statute. Plaintiff's Opposition instead argues that operating a website is the same as accessing a private individuals' computer, that ordinary website analytics are the same as malware, and that a company's profits from selling products online are somehow akin to individual damages. This makes no sense and is not the law.

Finally, Plaintiff's constitutional privacy claim also fails because she alleges neither a legally protected privacy interest nor a serious invasion of privacy. (Mot. 14-15.) The Opposition's assertions that Plaintiff did not consent to the collection of the information or that Huel misrepresented what it was collecting is beside the point, because the information allegedly collected was never private to begin with.

Plaintiff alleges neither the concrete injury required for standing nor the facts necessary to state any of her claims. The First Amended Complaint should be dismissed with prejudice.

## <u>ARGUMENT</u>

### I. ALL OF PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR LACK OF STANDING BECAUSE SHE IDENTIFIES NO PRIVACY INJURY

In its opening brief, Huel established that Plaintiff lacks standing to bring any of her claims because she alleged no concrete harm. (Mot. 5–6.) Plaintiff still identifies no harm in the Opposition. Instead she deflects by arguing that Huel collected her information despite her telling Huel not to. (Opp. 1–4.) But even if these allegations were true, *TransUnion* still requires a concrete injury, not merely an alleged statutory violation, in order to have standing. *TransUnion LLC v. Ramirez,* 594 U.S. 413, 424 (2021). Applying that standard, *Popa* holds that merely alleging information was collected without consent fails to give a Plaintiff Article III standing unless the information collected was "embarrassing, invasive, or otherwise private information." 153 F.4th at 791. Here, Plaintiff alleges only the collection of her name, email address, and purchase

information. (Opp. 1, 4.) That is not embarrassing, invasive, or private information. *See Wooten v. Biolife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1145 (E.D. Cal. 2025) (dismissing claims for lack of standing and finding no concrete injury from collection of IP addresses and email addresses as they are not "embarrassing, invasive, or otherwise private information."). Because Plaintiff fails to allege any concrete injury, she lacks standing.

Plaintiff's citation of *In re Facebook* and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), is misplaced. (Opp. 3.) The Ninth Circuit in *Popa* explicitly rejected their reasoning that a statutory privacy violation is sufficient to establish injury and concluded that neither decision "finds . . . support in *TransUnion*." *Popa*, 153 F.4th at 794–95. *TransUnion LLC* requires a concrete injury and forecloses standing based on a statutory violation alone. 153 F.4th at 794 (citing 594 U.S. 413, 424 (2021)). The Ninth Circuit left *Facebook* and *Eichenberger* undisturbed only because both were limited to "the individual circumstances giving rise to [those] plaintiffs' alleged injuries." *Id.*, 153 F.4th at 794;[1] *see also Wooten*, 807 F. Supp. 3d at 1145 ("the invasive nature of the information collected was crucial to *Facebook*'s holding").

For these reasons, other courts have routinely dismissed identical claims. *Bradshaw v. Lowe's Companies*, *Inc.* No. 25CV0742 DMS (MMP), 2025 WL 3171740, at *6 (S.D. Cal. Nov. 12, 2025) (dismissing claims for lack of standing and finding the plaintiff's analogy to *In re Facebook* "inapt" because the plaintiff did not allege the defendant's website continuously collected data from multiple websites and alleged only the collection of "'IP addresses,' undefined 'unique identifiers,' and 'browsing information'"); *Wooten*, 807 F. Supp. 3d at 1145 (same, noting "plaintiffs allege a one-time collection of their IP and email addresses, but they do not allege that the third-party trackers collected any other 'embarrassing, invasive, or otherwise private information'"); *Rodriguez v. Brushfire Recs.*, No. CV 25-09797-CAS-PDX, 2025 WL 3692144, at *7 (C.D. Cal. Dec. 15, 2025) (same, explaining that "Defendant's acquisition of plaintiff's IP

[1] Plaintiff calls her allegations "precisely the harm the Ninth Circuit warned against in *In re Facebook*" (Opp. 1). But there Facebook allegedly tracked users across multiple websites even after they logged out, using more than ten different cookies, and created "cradle-to-grave" profiles that included employment histories and political and religious affiliations. *In re Facebook*, 956 F.3d at 598–99. Plaintiff alleges nothing comparable occurred here.

address and other device identifiers from her visit to defendant's website 'does not cause the kind of harm that can be vindicated in federal court'").

The cases that have found concrete injuries have done so in dramatically different circumstances, such as when there is disclosure of sensitive health information. In *Gabrielli v. Haleon US Inc.*, for example, the court found that information provided to healthcare websites was "likely more sensitive" than the information provided to the pet food website in *Popa*. 815 F. Supp. 3d 852, 867 (N.D. Cal. 2025) (cited at Opp. 4). *J.S. v. Spring Fertility Holdings, LLC* similarly rested on the disclosure of the specific fertility treatment sought, which was "medically-related and arguably more sensitive" than the information at issue in cases dismissing similar claims. No. 5:24-CV-07374-EJD, 2026 WL 1483490, at *8 (N.D. Cal. May 27, 2026) (cited at Opp. 3). *See also Shah v. MyFitnessPal, Inc.*, 824 F. Supp. 3d 906, 914 (N.D. Cal. 2026) (information concerned personal nutrition and fitness tracking) (cited at Opp. 4).[2] By contrast, *Torres v. SeatGeek, Inc.* dismissed for lack of standing because the plaintiff did not allege the collection of comparable medical or health information. No. 25-CV-07118-LB, 2026 WL 1495202, at *4 (N.D. Cal. May 28, 2026) (cited at Mot. 6). This case involves the routine collection of information during an online retail transaction, not actually private medical information.

Plaintiff's Opposition relies on outdated case law to argue she has standing merely by alleging a technical violation of privacy statutes. As the Ninth Circuit made clear in *Popa*, Article III requires more—specifically, a concrete injury grounded in the collection of actually private or sensitive information. Plaintiff fails to allege Huel collected any such information, nor could she, because the same information she shared with Huel she also shared with Facebook, TikTok, and Snap. Accordingly, Plaintiff lacks standing.

## II. PLAINTIFF'S WIRETAP ACT AND CIPA § 631 CLAIMS MUST BE DISMISSED

### A. Plaintiff's Wiretap Act and CIPA Claims Must Be Dismissed Because Her Own Opposition Confirms No Actual Communication Was Intercepted

[2] Plaintiff's other authorities similarly addressed very different kinds of information. *Correia v. Lulu & Georgia, Inc.* involved users' search terms, No. 3:26-CV-01186-GPC-JLB, 2026 WL 2343093, at *1 (N.D. Cal. Aug. 12, 2026) (cited at Opp. 4), and *Gabrielli v. Motorola Mobility LLC* involved tracking across websites other than the defendant's own, No. 24-CV-02521-SVK, 2025 WL 1939957, at *6 (N.D. Cal. July 14, 2025) (cited at Opp. 4).

Plaintiff's Wiretap Act and CIPA § 631 claims fail because both statutes require interception of a communication's contents, not information that merely identifies the communication. (Mot. 9–10.) Plaintiff asserts only that Huel disclosed the webpages she visited and information she entered at checkout. Neither qualifies.

*Zynga* already rejected both theories. The Ninth Circuit held that "the user's Facebook ID and the address of the webpage from which the user's HTTP request to view another webpage was sent" were not the contents of a communication. *Zynga*, 750 F.3d at 1107–09. Plaintiff's own authorities confirm the line *Zynga* drew: a URL becomes a communication only when it reveals what the user actually said—a search term or query—not merely which page she viewed. (Opp. 8–9 (collecting cases explaining URLs can be communication when they include search terms or queries).) *Yoon v. Meta Platforms, Inc.,* drew the same line, treating queries and video titles as the substance of a communication but names, email addresses, telephone numbers, and other form-field data as record information. 2024 WL 5264041, at *5–6 (N.D. Cal. Dec. 30, 2024) (cited at Opp. 9). Plaintiff alleges no search terms or queries here. She alleges only that the URLs revealed which Huel products she viewed. (Opp. 9.) As in *Zynga*, that information identifies the webpage visited, not the substance of any search or other communication. 750 F.3d at 1107–09 (cited at Mot. 10.)

Plaintiff's fallback argument that the information she entered at checkout (her name, email, phone number, and address) constitutes contents is likewise foreclosed by *Zynga*, 750 F.3d at 1107 (disclosure of "personally identifiable information" and a webpage address is "not equivalent to an allegation that they disclosed the contents of a communication"); (Opp. 9; Mot. 10). *In re Meta Pixel Tax Filing Cases* is inapposite. (Opp. 9.) There Meta argued that the complaint failed to identify the specific communications intercepted. 724 F. Supp. 3d 987, 1004 (N.D. Cal. 2024). The court rejected Meta's pleading argument because the plaintiffs had identified the substance of the communications: filing status, income, and other sensitive tax and financial information. The court did not hold that every piece of information entered into an online form constitutes contents, nor did it address *Zynga*'s controlling distinction between identifying record information and the substance of a communication.

Because Plaintiff alleges only the disclosure of webpage and identifying information, not the substance of any communication, her Wiretap Act and CIPA claims fail.

**B. Plaintiff's Wiretap Act and CIPA § 631 Claims Also Fail Because Huel Was a Party to the Alleged Communications, and Cannot Be Liable**

Plaintiff's Wiretap Act and CIPA § 631 claims independently fail as a matter of law because Huel was the intended recipient of the communications at issue, not an outside interceptor. (Mot. 7.) Plaintiff alleges she provided information directly to Huel while using the Website to view and purchase its products. Those allegations establish, as a matter of law, that Huel was a party to the purported communication and accordingly cannot have wiretapped it.

In response, Plaintiff claims that Huel is liable for the "Third Parties' presence on the Website." (Opp. 5.) But Plaintiff concedes that the Wiretap Act is a "one-party consent statute" and Huel can consent to share information it has with alleged third parties. (Opp. 5–6.)

Plaintiff attempts to save her CIPA claim by arguing that CIPA, unlike the Wiretap Act, requires all parties to consent before a third party may intercept a communication. (Opp. 5–6.) That argument, even if correct, speaks only to the liability of alleged third-party trackers; it does not transform Huel into an eavesdropper to its own communications. As this Court has explained, "a participant to a conversation who uses a tape recorder to record the communication, even surreptitiously, is not liable under section 631." *Torres v. Prudential Fin., Inc.*, No. 22-CV-07465 (CRB), 2025 WL 1135088, at *2 (N.D. Cal. Apr. 17, 2025); *see also Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1065 (C.D. Cal. 2023) (explaining that CIPA exempts "a person who is a 'party' to the communication" from liability) (cited at Mot. 7); *Casillas v. Six Flags Ent. Corp*, 812 F. Supp. 3d 1016, 1031 (acknowledging party exception under CIPA) (cited at Opp. 6).

The authorities Plaintiff cites in response are not to the contrary, as each involved a claim against an alleged third-party interceptor rather than the recipient of the communication itself. *See In re Facebook*, 956 F.3d at 598–99 (claim against Facebook for allegedly tracking users on unrelated websites); *Brown v. Google LLC ("Brown II")*, 685 F. Supp. 3d 909, 937 n.33 (N.D. Cal. 2023) (same for Google); *Ribas*, 38 Cal. 3d at 358 (claim against individual who allegedly listened to a telephone conversation between former spouses). None holds that an intended recipient can

intercept its own communications.[3]

Nor does aiding and abetting liability salvage Plaintiff's CIPA claim. (Opp. 6.) Plaintiff does not allege that Huel allowed her activity to be tracked outside the Website. (Mot. 8.) Nor does she address *Byars*, which held that using third-party software to record and analyze a website owner's own communications does not constitute aiding wiretapping absent facts showing that the vendor independently intercepted and used the data. 656 F. Supp. 3d at 1068–70. Similarly, *Motorola* permitted an aiding-and-abetting theory because the plaintiff alleged that the cookies collected information about his activity "outside of Motorola's website—not his communications involving Motorola." 2025 WL 1939957, at *11; (Opp. 6).[4] No comparable allegation appears here.

Plaintiff's allegations regarding a criminal or tortious purpose do not save her claims. To establish Wiretap Act and CIPA claims against a party to a communication, a plaintiff must allege a criminal or tortious purpose "separate and independent from the act of the recording" itself. *Planned Parenthood*, 51 F.4th at 1136 (cited at Mot. 8). Plaintiff alleges only that the alleged collection violated state privacy laws. (Opp. 7–8.) That is not a separate purpose; it is the argument *Planned Parenthood* rejected.

Nor does Huel's alleged profit motive supply the required criminal or tortious purpose. (Opp. 7–8.) Plaintiff's cases involved particularly sensitive information, which informed the court's interpretation that the plaintiffs had sufficiently alleged tortious intent in defendant's purpose in collecting that information. *Marden v. LMND Med. Grp., Inc.*, 2024 WL 4448684, at *3 (N.D. Cal. July 3, 2024) (tortious intent where website "intercept[ed] individually identifiable information

---

[3] *Javier v. Assurance IQ, LLC* is inapposite because it addressed only whether a user's post hoc agreement to a privacy policy retroactively supplied consent to alleged third-party interception. No. 21-16351, 2022 WL 1744107, at *1–2 (9th Cir. May 31, 2022); (Opp. 5). The district court did not reach the defendants' other arguments, and the Ninth Circuit likewise did not decide whether a website can intercept communications directed to it. *Id.* at *1.

[4] *Casillas v. Six Flags* rejected direct liability under Section 631(a), holding that the provision prohibiting a defendant from tapping communications applies only to telephonic communications, not internet activity. 812 F. Supp. 3d at 1030–3; (Opp. 6). Although it allowed an aiding-and-abetting theory, it did not consider whether the trackers at issue were independent eavesdroppers that used the data for their own purposes or merely tools processing communications with the defendant's website, the distinction *Byars* found dispositive. *Casillas* therefore does not resolve the issue presented here.

about highly sensitive health issues (such as mental health disorders and erectile dysfunction)"); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 885, 901 (C.D. Cal. 2024) (same where information included information about "sensitive healthcare products" that constituted "highly private and sensitive information"); *Smith II*, 2025 WL 2210002, at *5 (same where information included search queries); *Smith III*, 2026 WL 183852, at *2 (same); *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1090 (N.D. Cal. 2025) (same where information included "social security numbers" and "driver's license records.") (cited at Opp. 8). None holds that a profit motive alone supplies the separate criminal or tortious purpose *Planned Parenthood* requires, and the sensitivity of the information cannot substitute for that requirement. Plaintiff's claims are therefore foreclosed by *Planned Parenthood*.[5]

## III. PLAINTIFF'S CIPA § 632 CLAIM MUST BE DISMISSED BECAUSE THE OPPOSITION IDENTIFIES NO CONFIDENTIAL COMMUNICATION

Plaintiff's Section 632 claim fails because she could not reasonably expect that her routine interactions with the Website would not be recorded. Plaintiff argues that internet communications are not presumptively nonconfidential. (Opp. 10.) That misses Huel's point. Section 632 excludes any communication made under circumstances in which the parties reasonably expect that it "may be . . . recorded." Cal. Penal Code § 632(c). Plaintiff necessarily expected the Website to receive and record her requests because it could not display the pages and products she selected without doing so. (Mot. 11–12.) She does not dispute that fact or address Huel's cases explaining that communications recorded by their nature are not confidential under Section 632. (Mot. 11 (collecting cases).)

Plaintiff argues that her refusal to consent to third-party tracking created an expectation of privacy. (Opp. 10.) That is not the case. A preference that information not be shared does not establish a reasonable expectation that the communication itself would not be recorded. *In re Apple* rejected that theory, holding that although consumers who withheld consent to sharing device data may have subjectively expected that no usage data would be sent to Apple, ***that "expectation [was] objectively unreasonable."*** 824 F. Supp. 3d at 899 (emphasis added) (dismissing CIPA claim as

[5] *Brown v. Google LLC* ("*Brown I*") is inapposite as it predates *Planned Parenthood*. 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021).

allegation of "confidential" communication was insufficient) (cited Mot. 11).

*Correia* does not suggest a different result. (Opp. 10.) There, the court found a reasonable expectation of privacy where the plaintiffs browsed in private or incognito mode and the defendant represented that it would not receive their data while they were not synced. 2026 WL 2343093, at *6 (cited at Opp. 10). That expectation—that a third party would not receive data at all—is entirely different from an expectation that the data will not be collected or recorded. Section 632 asks the latter question. Plaintiff necessarily expected Huel's website to record her requests in order to display products and process her purchase. *Correia* therefore does not establish that those communications were confidential under Section 632.

Plaintiff next tries to save her claims by citing a series of cases concerning sensitive health or financial information.[6] None of those cases are applicable. As numerous courts have recognized, the expectation of privacy analysis turns on "sensitivity of the data collected." *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 630. Here, the data at issue is not sensitive and there accordingly was no confidential communication. Cases involving search queries are also inapplicable as there are different privacy expectations regarding substantive communications. *Smith I*, 2025 WL 1085169, at *1; *Smith II*, 2025 WL 2210002, at *1 (cited at Opp. 11–12).

Finally, Plaintiff's derivative-liability theory under Penal Code § 31 does not cure the absence of a confidential communication. (Opp. 11–12.) Plaintiff's cases do not hold otherwise. They involved more sensitive information than at issue here. *See Vera v. O'Keefe*, 791 F. Supp. 2d 959, 965 (S.D. Cal. 2011) (surreptitious video and audio recording of plaintiff at his office); *Vaccaro v. Altais*, 2023 WL 7003211, at *5 (C.D. Cal. Oct. 23, 2023) (recording of telephone conversation); *Smith I.*, 2025 WL 1085169, at *1 (N.D. Cal. Apr. 4, 2025) (search terms); *Gianne v. Accor Mgmt. US Inc.*, 2026 WL 925522, at *1, 8 (C.D. Cal. Mar. 31, 2026) (detail on user trip and hotel stays including "the destination, the desired dates for the trip, the number of rooms, the numbers of adults and children who will be traveling, and the hotel and room type"). Because

[6] *See* (Opp at 10-11 (citing *Mitchell v. Sonesta Int'l Hotels Corp.*, 2024 WL 4471772, at *11 (C.D. Cal. Oct. 4, 2024) (hotel guest records); *Spring Fertility*, 2026 WL 1483490, at *8 (fertility treatment and health information); *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1199 (N.D. Cal. 2024) (financial information for tax preparation).)

Plaintiff alleges no confidential communication, she alleges no Section 632 violation for Huel to facilitate.

## IV. PLAINTIFF'S CDAFA CLAIM MUST BE DISMISSED BECAUSE SHE FAILS TO ALLEGE ACCESS, A COMPUTER CONTAMINANT, OR DAMAGE OR LOSS

Plaintiff's CDAFA claim must be dismissed for at least three independent reasons. (Mot. 12–14). Plaintiff fails to allege that Huel accessed her computer, that the at-issue trackers were a computer contaminant as defined by the act, or that she suffered actual economic damage or loss; any one of these deficiencies is fatal to her CDAFA claim. (*Id.*) Yet, Plaintiff's opposition does not answer Huel's arguments or rebut the key authority it relies on. First, Plaintiff's reliance on *United States v. Christensen* misses Huel's point. Plaintiff cites *Christensen* for the proposition that a plaintiff may establish a CDAFA claim even where the initial access was authorized. (Opp. 12.) But *Christensen* also makes clear that, to establish a claim, Section 502(c)(2) still requires the unauthorized taking, copying, or use of data from a computer. 828 F.3d 763, 789 (9th Cir. 2015); Cal. Penal Code § 502(c)(2). Plaintiff alleges only that Huel collected information generated through her interactions with the Website. She does not allege facts showing that Huel accessed data stored on her computer, that she owned Huel's records of her Website activity, or that Huel took those records from her computer. (Mot. 12–13.)[7]

Plaintiff also argues that embedded code that caused a browser to transmit information qualifies as "access" under CDAFA. (Opp. 12 (citing *Smith I*, 2025 WL 1085169, at *6; *Brown II*, 685 F. Supp. 3d at 939–40).) But this collapses the distinction between receiving information generated through a user's interactions with a website and accessing data stored on the user's computer. Here, Plaintiff does not allege that Huel took any information from her computer. The information at issue is all information that she voluntarily supplied and entered into Huel's website. Plaintiff therefore does not plausibly allege that Huel accessed her computer merely by receiving

[7] Plaintiff does not address *Heiting v. Taro Pharmaceuticals USA, Inc*., which dismissed a CDAFA claim because the "[p]laintiff has not alleged that Defendant accessed her computer or network without permission," 709 F. Supp. 3d 1007, 1020 (C.D. Cal. 2023), or *In re iPhone Application Litigation*, which dismissed a CDAFA claim because installing trackers was not accessing computers without permission. No. 11-MD-02250-LHK, 2011 WL 4403963, at *12 (N.D. Cal. Sep. 20, 2011); (Mot. 12-13).

information she entered into the Website.

Second, Plaintiff does not plausibly allege any computer contaminant, as required by Section 502(c)(8). (Mot. 13–14.) She asserts without basis that the definition of computer contaminant is "not limited to" viruses and worms. (Opp. 13.) Yet she cites no case on this point and does not address *In re iPhone Application Litigation* (Mot. 13), which held that the definition is "aimed at 'viruses or worms,' and other malware that usurps the normal operation of the computer or computer system." 2011 WL 4403963, at *13. Plaintiff alleges no such malware here, nor does she allege any interruption of the normal operation of her computer or computer system.

Finally, Plaintiff does not allege the damage or loss required for a private CDAFA action. Cal. Penal Code § 502(e)(1). (Mot. 13–14.) Plaintiff confuses the distinction between a loss and disgorgement as remedy. A plaintiff must allege a loss before they can bring a CDAFA action. Plaintiff alleges that third parties profited from her data and contends that she was damaged because she did not receive a share of those profits. (Opp. 13.) But she does not allege that she was entitled to those profits, that her data lost value after collection, or that she could no longer use or sell it. *Williams*, 384 F. Supp. 3d at 1050; (Mot. 13). The alleged benefit to a third party does not establish any loss to Plaintiff.[8]

## V. PLAINTIFF'S CONSTITUTIONAL PRIVACY CLAIM FAILS BECAUSE SHE ALLEGES NEITHER A PROTECTED PRIVACY INTEREST NOR A SERIOUS INVASION

Huel's motion identified two independent defects in Plaintiff's constitutional privacy claim: she alleges neither a legally protected privacy interest nor a serious invasion of privacy. (Mot. 14–15.) The Opposition cures neither defect.

First, Plaintiff never responds to Huel's argument that she lacks a legally protected privacy interest. (Mot. 14–15.) The California Supreme Court requires a plaintiff to establish "a legally protected privacy interest" as an element separate from a reasonable expectation of privacy and a

[8] *Smith II* and *Brown II* (cited at Opp. 13) are in the minority. *See Heiting*, 709 F. Supp. 3d at 1021 (disagreeing with *Brown II* that "loss of control over personal data may constitute an economic injury" and instead "agree[ing] with the majority of courts to consider the issue, and find[ing] that the CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer, as opposed to data generated by a plaintiff while engaging with a defendant's website").

serious invasion. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39–40 (1994). Rather than address that element, Plaintiff quotes a recital from *In re Facebook* that omits it entirely. 956 F.3d at 601. She instead emphasizes that she withheld consent and that Huel made representations concerning tracking. (Opp. 14–15.) But those allegations speak to whether Plaintiff expected the collection, not to whether the information collected implicates a legally protected privacy interest. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014).

Second, Plaintiff does not allege a serious invasion of privacy. To establish a serious invasion of privacy, the alleged intrusion must be "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37 (cited at Opp. 15). "[R]outine commercial behavior," does not meet that standard. *Smith v. YETI Coolers*, 754 F. Supp. 3d at 946; Mot. 15. Plaintiff does not dispute that rule. She instead argues that seriousness cannot be resolved on the pleadings, citing *Motorola*. (Opp. 15.) But the allegations in *Motorola* did not establish that the conduct was routine and non-offensive. Here, they do.

Plaintiff attempts to distinguish *Folgelstrom v. Lamps Plus* by arguing that the retailer made no representation concerning data collection. (Opp. 15.) But *Folgelstrom* turned on the nature of the information collected, comparing the at-issue disclosure of a home address to genuinely serious invasions such as images of homicide victims, HIV status, and mental health records, and concluded the collection of address information "does not constitute a 'serious' invasion of privacy." 195 Cal. App. 4th 986, 991–92 (2011) (cited at Mot. 14–15). Similarly, *In re iPhone Application Litigation* held that there was no serious invasion of privacy where the information included addresses, precise geographic locations, age, gender, zip code, and activity within applications. 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012). And *Yahoo Mail* recognized that "[e]ven disclosure of very personal information" may not constitute an egregious breach. 7 F. Supp. 3d at 1038. Plaintiff does not meaningfully address those cases. (Mot. 15.)

Plaintiff's cited authorities involved materially different allegations. *See Haleon*, 815 F. Supp. 3d at 863–867 (sensitive information provided to healthcare websites); *Spring Fertility*, 2026 WL 1483490, at *8 (fertility-treatment and health information); *Motorola*, 2025 WL 1939957, at

*11 (tracking across websites other than the defendant's); *Casillas*, 812 F. Supp. 3d at 1030 (collection of users' search terms); *In re Facebook*, 956 F.3d at 602 (tracking users on other websites after they logged out of Facebook); cited at Opp. 14–15. This Court has already described browsing history and related data as "far less personal" than medical information in the context of a constitutional privacy claim. *Hazel v. Prudential Fin., Inc.*, No. 22-CV-07465-CRB, 2023 WL 3933073, at *5 (N.D. Cal. June 9, 2023); (Mot. 15). And in *Ortiz*—one of the cases Plaintiff cites—the court dismissed a constitutional privacy claim because third-party tracking limited to activity on the defendant's own website was not a serious invasion of privacy. 2026 WL 1430720, at *4. Plaintiff identifies no broader tracking here and offers no basis for a different result.

Plaintiff argues that Huel's alleged representation concerning tracking makes collection of any information highly offensive, relying on *Shah v. MyFitnessPal, Inc.* (Opp. 15.) But *Shah* describes alleged deception only as a "plus factor," not as a substitute for the required showing that the invasion was serious. 824 F. Supp. 3d 906, 917 (N.D. Cal. 2026). Having failed to allege a sufficiently serious intrusion, Plaintiff cannot use Huel's alleged representation to supply the missing element.

Using ordinary information about an ordinary food purchase for advertising is routine commercial conduct, not a constitutional invasion of privacy. Plaintiff's claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons and those in Huel's opening brief, the First Amended Complaint should be dismissed with prejudice.

Dated: September 17, 2026

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ David H. Kwasniewski
David H. Kwasniewski, Esq.

*Attorneys for Defendant Huel Ltd.*